1
2
3
4
5
6
7
8                                  UNITED STATES DISTRICT COURT
9                                 CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| KATHRYN HOLEMAN OBO JASON BOYLE,       ) | CASE NO. ED CV 13-02169 RZ |
|                          ) | |
|                Plaintiff,  ) | MEMORANDUM OPINION |
|                          ) | AND ORDER |
| vs.                     ) | |
|                          ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
|                          ) | |
|              Defendant.  ) | |
|                          ) | |

        Kathryn Holeman brings this action on behalf of her deceased son, Jason Cameron Boyle ("Plaintiff"), a veteran of the wars in Afghanistan and Iraq, who sought Social Security disability benefits before he died. The period of potential disability closes with his death. The Court reverses the decision of the Administrative Law Judge, and orders the award of benefits.

        The Administrative Law Judge found that Plaintiff had the severe impairments of "mild degenerative disease of the cervical and lumbar spine; history [of] traumatic brain injury with residual migraine headaches and tinnitus of the left ear; posttraumatic stress disorder (PTSD); and major depressive disorder." [AR 25] Nevertheless, the Administrative Law Judge found that Plaintiff could have performed a species of light work. [AR 27] Relying on the testimony of a vocational expert, the Administrative Law Judge found that there were sufficient jobs that Plaintiff could have performed, and therefore that he was not disabled. [AR34-35]

        Plaintiff's main complaints concern his mental impairments. He asserts that the

Administrative Law Judge wrongly discounted the opinion of the consulting psychologist Dr. Townsend, who stated her opinion that Plaintiff might lack the consistency to complete a full day's work due to his symptoms, including anger and anxiety. [AR 31, referencing AR 670]. The Administrative Law Judge gave this opinion "little weight," stating three reasons: that it was the product of a one-time examination of Plaintiff; that it appeared to be inconsistent with her findings that were "generally benign," and that "they [sic] are not supported by the records of the claimant's extensive activities of daily living." [AR 32].

If the opinion of an examining physician is uncontroverted, the Administrative Law Judge must provide clear and convincing evidence before rejecting it. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); *Aukland v. Massanari*, 257 F.3d 1036 (9th Cir. July 23, 2001). Dr. Townsend's opinion was not controverted, but the reasons the Administrative Law Judge gave for disbelieving it do not meet this standard. The fact that the examination was a one-time affair means little in the context here. The purpose of having a consultation at all was to receive the insight from the consultant, and such consultations almost always are one-time situations. If the consultant's opinion had differed from that of a physician who had a long-term relationship with Plaintiff, then the fact that the consultant had seen Plaintiff only once would have been a distinguishing factor. *See Sprague v. Bowen* 812 F.2d 1226, 1230 (9th Cir. 1987); *Barker v. Shalala,* 40 F.3d 789, 794 (6th Cir. 1994). But here the Administrative Law Judge was not contrasting the consultant's opinion with that of another physician; she simply was disagreeing with it on its own. In that circumstance, the fact that the examination was a one-time occurrence was not a basis for finding it wanting.

The second reason the Administrative Law Judge gave for discounting Dr. Townsend's opinion also was not clear and convincing. She said that the opinion appeared to be inconsistent with Dr. Townsend's findings that were "generally benign." A review of Dr. Townsend's report, however, does not show any "benign" findings as to Plaintiff's anger and anxiety, the attributes that Dr. Townsend identified as potentially making it difficult for Plaintiff to have the consistency to hold a full-time job. The findings that were "generally benign" were matters such as the clarity

of Plaintiff's speech and the fact that his intellectual level was average, things that had nothing to do with whether his anger and anxiety, resulting from his PTSD, might make it difficult for him to hold a full-time job.

The third reason the Administrative Law Judge gave was that Dr. Townsend's opinion was not supported by the records of Plaintiff's "extensive activities of daily living." She identified a number of activities of daily living elsewhere in her decision [AR 28], but there is no correlation between them and whether Plaintiff's anger and anxiety resulting from his PTSD would have made holding a full-time job difficult. She identified taking care of his son before and after school, preparing meals occasionally, walking his dog, helping to take care of his grandmother, doing laundry, vacuuming and taking out the trash, and having hobbies including snowboarding and camping. [*Id.*] It is hard to see how these activities are extensive, and even harder to see how engaging in most of them belies the opinion that Plaintiff would have had trouble managing his anger and anxiety in a work setting. Perhaps caring for his son or his grandmother might have been stressful, and the ability to do so might have shown the capacity to control his anger and anxiety. But there is no evidence of that, nor is it a necessary conclusion, and most of the other activities identified by the Administrative Law Judge were activities that seem designed to mitigate or relieve anger and stress. The Court cannot say that it is either clear or convincing that Plaintiff's activities were extensive, or that those activities made Dr. Townsend's opinion less persuasive.

Plaintiff also complains that the Administrative Law Judge wrongly rejected the information from the Veterans Administration as to Plaintiff's disability. In *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002), the Court of Appeals held that an ALJ must consider a VA rating of disability when analyzing a veteran's claim for Social Security disability benefits. The Administrative Law Judge acknowledged this authority, but nevertheless did not accept it. [AR 32]. In doing so, the Administrative Law Judge committed error.

In *McCartey*, the Court held that an Administrative Law Judge "must ordinarily give great weight to a VA determination of disability . . . because of the marked similarity between these two federal disability programs." 298 F.3d at 1076. The Court identified a number of the similarities, including the fact that "[t]he VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework." *Id.* Still, the two programs are not *identical*, so "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*, citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam).

The Administrative Law Judge mis-applied this law. He noted that the VA had determined that Plaintiff had a 70 % disability rating related to his PTSD (but did not note that the VA gave Plaintiff an overall disability rating of 90 % [AR 857]). He did not agree with this rating, however, because it was inconsistent with Plaintiff's activities "which were quite broad and extensive, including caring for his grandmother and teenager son" along with the additional information that Plaintiff was attending community college. [AR 32] The VA, however, took into account the fact that Plaintiff was attending community college [AR 856] so that, in fact, was not a distinguishing characteristic. Nor, as indicated earlier, were Plaintiff's activities extensive or broad, and there is not any indication how caring for one's son and helping to care for one's grandmother is inconsistent with the VA rating. The Administrative law Judge thus did not give persuasive or valid reasons supported by the record for giving less weight to the VA rating. *McCartey, supra*; *cf. Valentine v. Commissioner of Social Security Administration*, 574 F.3d 685, 695 (9th Cir. 2009) (valid and persuasive reasons where the Administrative Law Judge had evidence that was not before the VA.)

Given the errors with respect to the mental impairments, the Court need not discuss the alleged errors with respect to the Administrative Law Judge's assessment of the treating physician or his credibility analysis of Plaintiff and

Plaintiff's mother. The decision must be reversed. The record is fully developed — indeed, with Plaintiff's death, nothing more could be accomplished by further administrative proceedings. Accordingly, it is appropriate to remand the matter for an award of benefits. *McCartey, supra*; *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014).

The Court notes that Plaintiff is survived not only by his mother, but also by his son. The Court leaves it to the Commissioner to make sure that the benefits that are owing are paid to the correct beneficiary.

The decision is reversed, and the matter is remanded to the Commissioner for the awarding of benefits.

IT IS SO ORDERED.

Dated: December 29, 2014   _____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE